UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOSE MARIO ROMERO SANTUARIO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, *United States Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, *Director for Executive Office for Immigration Review*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; PETER BERG, *Director, Fort Snelling Field Office Immigration and Customs Enforcement*; ERIC TOLLEFSON, *Sheriff of Kandiyohi County*.<br><br>Respondents. | Civil No. 25-4296 (JRT/JFD)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITON FOR WRIT OF HABEAS CORPUS** |

---

Maria Miller, **MARTIN LAW**, 7900 Xerxes Avenue South, Suite 220, Bloomington, MN 55431, for Petitioner.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

After he was detained by U.S. Immigrations and Customs Enforcement ("ICE") officers, Petitioner Jose Mario Romero Santuario ("Petitioner") filed a Verified Petition for

Writ of Habeas Corpus and a Motion for Temporary Restraining Order challenging the lawfulness of his detention. The Court held a status conference on November 25, 2025.

Because the Court concludes that Petitioner is being unlawfully detained, the Court will grant his habeas petition to the extent he seeks an order to provide him with a bond redetermination hearing consistent with 8 U.S.C. § 1226. The Court will also order that Petitioner not be moved outside the District of Minnesota before this bond hearing. Because Petitioner's habeas petition will be granted, his motion for a temporary restraining order will be denied as moot.

## BACKGROUND

Petitioner is a native and citizen of Mexico. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 32, Nov. 11, 2025, Docket No. 1.) Petitioner states that he first entered the United States without inspection in 1999, left in 2002, returned in 2004, and has remained in the United States continuously for the more than 21 years since. (Pet. ¶ 33.) Officers from ICE's Enforcement and Removal Operations arrested Petitioner on October 18, 2025. (Decl. of John D. Ligon, Nov. 25, 2025, Docket No. 11.) Officers transported Petitioner to St. Paul on October 19. (*Id.* ¶ 6.) ICE issued Petitioner a Notice to Appear stating that he is removable under the charge of being present in the United States without inspection, admission, or parole under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). (*Id.*)

On November 11, 2025, Petitioner filed a Verified Petition for Writ of Habeas Corpus, asserting that Respondents are detaining him in violation of the law. (Pet. ¶ 1.) Petitioner argues he is being detained pursuant to 8 U.S.C. § 1226 and that denying him

a bond hearing, as Respondents have done, is unlawful. *See* 8 U.S.C. § 1226(a)(2)(A). Respondents contend that Petitioner's detention is authorized by 8 U.S.C. § 1225, and that no such hearing is required.

Petitioner asks this Court to issue an order enjoining Respondents from moving him outside the District of Minnesota, and ordering Respondents to provide Petitioner with a bond redetermination hearing consistent with 8 U.S.C. § 1226. (Pet. at 30–31.) The Court will grant such relief.

## DISCUSSION

It is well-established that "absent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. 1. § 9, cl. 2). The writ of habeas corpus has served as a vital check on executive power throughout our nation's history. A petitioner seeking habeas relief must prove unlawful detention by a preponderance of the evidence. *E.g.*, *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025).

Respondents present two central arguments as to why the Court should deny Petitioner's habeas petition, which mirror those presented in other similar cases before the Court.[1] *E.g. Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. 2025).

---

[1] Aside from their two central arguments, Respondents also assert that certain named Respondents are not proper parties to the case and that Petitioner's APA claim should be dismissed. As to the proper parties, Respondents argue that the parties included in the petition

First, Respondents argue that this Court lacks jurisdiction to consider this petition. Respondents rely on 8 U.S.C. § 1252(g), which deprives courts of jurisdiction over cases involving "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter," to support this argument. However, in requesting an order that he receive a bond hearing, Petitioner is not seeking review of a decision to commence proceedings, adjudicate cases, or execute a removal order. His challenge to the lawfulness of his detention is "independent of, or wholly collateral to, the removal process."  *Ozturk v. Hyde*, 136 F.4th 382, 397 (2nd Cir. 2025). As in *Herrera Avila*, the Court concludes that this case is within the Court's jurisdiction. *See also Belsai D.S. v. Bondi*, No. 25-3682, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025); *Jose J.O.E. v. Bondi*, No. 25-3051, 2025 WL 2466670, at *7 (D. Minn. Aug. 27, 2025); *Maldonado v. Olson,* No. 25-3142, 2025 WL 2374411, at *5 (D. Minn. Aug. 15, 2025).

Second, Respondents contend that Petitioner is detained under 8 U.S.C. § 1225, not § 1226, and that therefore, he is not entitled to a bond hearing.

---

go beyond "the proper respondent to a habeas petition," which "is the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citation and internal quotation marks omitted).  The Court concludes that it is unclear on this record who would be responsible for complying with this order granting the Petition and conducting the ordered bond hearing.  The Court thus declines to dismiss any of the Respondents to this action.  As for the Respondents' argument that the APA claim is not properly included in this action, the Court declines to resolve this issue because it is immaterial to the Court's resolution of the Petition.  For similar reasons, the Court does not address Petitioner's Fifth Amendment arguments.

Section 1225 applies to "applicants for admission"—aliens who are either "present in the United States who ha[ve] not been admitted" or who "arrive[ ] in the United States." 8 U.S.C. § 1225(a)(1). Applicants for admission fall under either § 1225(b)(1) or § 1225(b)(2). *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). "Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation" as well as "certain other aliens designated by the Attorney General in his discretion." *Id.* (citations omitted). Section 1225(b)(2) serves as a "catchall provision that applies to" almost all other applicants for admission not covered by § 1225(b)(1). *Id.* at 289.

Respondents contend that § 1225(b)(2) provides the legal basis to detain Petitioner. Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a," which in turn addresses removal proceedings.

Section 1226—which Petitioner contends governs his detention—applies to the apprehension and detention of aliens who are already present in the country and eligible for removal. *See Jennings*, 583 U.S. at 288; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). Section 1226(a) establishes a discretionary process: on an arrest warrant issued by the Attorney General, an alien may be arrested and detained while a decision

on whether the alien should be removed is pending. Except as provided in § 1226(c), which applies to the detention of criminal aliens, the Attorney General: (1) may detain the arrested alien; (2) may release the alien on bond of at least $1,500, with conditions; or (3) may release the alien on conditional parole. 8 U.S.C. § 1226(a).

In other words, 8 U.S.C. § 1225 allows "the Government to detain certain aliens seeking admission into the country," and § 1226 "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added).

For the same reasons articulated in *Herrera Avila*, 2025 WL 2976539, at *5–6, the Court rejects Respondents' construction of the relevant provisions and concludes that the authority supporting Petitioner's detention is not § 1225(b)(2)(A), but § 1226.[2] Petitioner is a Mexican citizen who has lived in the United States since 2004. He is not "seeking admission into the country"—he was arrested while "already in the country." *See*

---

[2] The Court acknowledges that the Board of Immigration Appeals (BIA) recently adopted Respondents' broad interpretation of § 1225(b)(2) in the *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). In *Hurtado*, the BIA concluded that § 1225(b)(2) applied to aliens classified as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General"—the same provision under which Petitioner is charged. Id. at 217, 225. The Court joins other courts in disagreeing with the BIA's interpretation. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024) (holding that courts are required to exercise their independent judgment and "may not defer to an agency interpretation of the law simply because a statute is ambiguous"); *see, e.g., Maldonado*, 2025 WL 2374411, at *11–13; *Reyes v. Raycraft*, No. 25-12546, 2025 WL 2609425, at *6–7 (E.D. Mich., Sept. 9, 2024) (collecting cases at odds with the BIA's interpretation of § 1225(b)(2) in *Hurtado*).

*Jennings,* 583 U.S. at 289.[3]  Reading §§ 1225 and 1226 together, the Court concludes that Petitioner's detention—to the extent that it is lawful at all—is governed by § 1226, which provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States," but that the Attorney General "may release the alien on . . . bond."  8 U.S.C. § 1226)(a)(2).  Construing these sections in any other way would be to entirely disregard the plain text of the relevant statutes, while also rendering Congress's 2025 amendments to § 1226(c) superfluous (*see Herrera Avila*, 2025 WL 297653 at *6).  The Court continues to join the reasoning of district courts across the country in concluding that, in cases like Petitioner's, § 1226 governs and Petitioner is entitled to a bond hearing.[4]  *See, e.g.*, *Maldonado,* 2025 WL 2374411, at *11; *Rodriguez*

---

[3] Supporting this finding, Petitioner's Notice to Appear indicated that Petitioner is "an alien present in the United States who has not been admitted or paroled," not "an arriving alien." (Decl. of John D. Ligon, Nov. 25, 2025, Docket No. 11-1.)

[4] Judge Sunshine S. Sykes of the U.S. District Court, Central District of California, recently certified a class consisting of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  *Bautista v. Santacruz*, No. 5:25-1873, 2025 WL 3288403 at *9 (C.D. Cal. Nov. 25, 2025).  The court "extend[ed] the same declaratory relief granted" in its recent order on summary judgment to all members of the class.  *Id.*  Pursuant to Judge Sykes's previous order on summary judgment, the relief to which class members are entitled is declaratory judgment that detention under § 1226 is unlawful.  *Bautista v. Santacruz,* No. 5:25-1873, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025).

The Court rests its decision in this case separately on the independent conclusion that continued detention of Petitioner without a bond hearing is unlawful.  But the Court also concludes that Petitioner qualifies as a class member pursuant to the order in *Bautista*, and is entitled to his habeas petition being granted on those alternative grounds.

*v. Bostock*, 779 F. Supp. 3d 1239, 1256–57 (W.D. Wash. 2025); *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *5 (E.D. Mich. Aug. 29, 2025).

## CONCLUSION

The Court possesses jurisdiction over this habeas petition, and Petitioner's detention is governed by 8 U.S.C. § 1226. The Court will order that Petitioner be provided a bond hearing within 7 days.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Jose Mario Romero Santuario's Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**, as follows:

   a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

   b. Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 7 days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained;

    c. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

    d. Within three days of the date of this Order, the parties shall provide the Court with a status update as to the results of the hearing referenced in the Declaration of John D. Ligon [Docket No. 11], which stated in paragraph 8 that Petitioner has a hearing in St. Paul scheduled for December 3, 2025.

    e. Within ten days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the ordered bond hearing. If the immigration judge determines that the Petitioner is subject to the detention under 8 U.S.C. § 1226(a), Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise, which require Petitioner to be removed from the District. Any such request must include

an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

3. Petitioner's Motion for Temporary Restraining Order [Docket No. 4] is **DENIED as moot**.

4. Within 3 days of the date of this Order, the parties shall file any requests for redaction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 2, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge